**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4637**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER T. GLOVER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:14-cr-00727-RMG-15)

Submitted: April 17, 2018                                  Decided: April 19, 2018

Before WILKINSON and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Wells Dickson, Jr., WELLS DICKSON, PA, Kingstree, South Carolina, for Appellant. Robert Nicholas Bianchi, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher T. Glover pled guilty, pursuant to a written plea agreement, to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2012). The district court sentenced Glover to 140 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious grounds for appeal. Although notified of his right to do so, Glover has not filed a pro se supplemental brief. We affirm the district court's judgment.

We first review the adequacy of the Fed. R. Crim. P. 11 hearing; because Glover did not move to withdraw his guilty plea, we review the hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court must also ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Here, the district court substantially complied with Rule 11 in conducting its colloquy, and we conclude that its

minor omission* did not affect Glover's substantial rights.  *See United States v. Davila*, 133 S. Ct. 2139, 2147 (2013) (stating that, to demonstrate effect on substantial rights in Rule 11 context, defendant "must show a reasonable probability that, but for the error, he would not have entered the plea" (internal quotation marks omitted)).

Next, we review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).  Under this standard, a sentence is reviewed for both procedural and substantive reasonableness.  *Id.* at 51.  In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence.  *Id.* at 49-51.

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances."  *Id.* at 51.  "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable."  *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors."  *Id.*

We discern no procedural error in this case.  The district court correctly calculated Glover's Guidelines range and allowed Glover to argue for an appropriate sentence.  The

---

* Although the district court did not discuss whether the plea carried any immigration consequences, we note that Glover is an American citizen.

3

district court ensured that the Government did not have an impermissible reason for declining to file a downward departure motion. *See United States v. LeRose*, 219 F.3d 335, 342 (4th Cir. 2000). We further conclude that Glover has failed to overcome the presumption of reasonableness accorded to his below-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Glover, in writing, of the right to petition the Supreme Court of the United States for further review. If Glover requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Glover.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*